

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>CATHERINE MARIE CUMMINGS,<br><br>Debtor. | Case No. 16-01175<br>Chapter 13<br><br>Re: Docket No. 12 |

## **ORDER OVERRULING OBJECTION TO PLAN CONFIRMATION**

The chapter 13 trustee has objected to confirmation of the debtor's chapter 13 plan. He claims that the plan fails the "disposable income" test. For the following reasons, I will overrule the objection.

If the trustee or an unsecured creditor objects, the court may not confirm a chapter 13 plan unless the plan provides for full payment of unsecured claims or the plan provides that all of the debtor's "projected disposable income" during a prescribed period will be applied to make payments to unsecured creditors.[1]

To define "disposable income," one must first compare the debtor's

---

[1] 11 U.S.C. § 1325(b)(1).

"current monthly income" with the median income for the debtor's state of residence and family size.[2] In this case, the trustee acknowledges that this is a below median income debtor. Therefore, the debtor's disposable income is her "current monthly income" minus "amounts reasonably necessary to be expended . . . for the maintenance or support of the debtor or a dependent of the debtor."[3]

The trustee observes that the debtor's expenses for food, clothing, and related items is $1,670, and that this amount is greater than the IRS National Collection Financial Standard for Food, Clothing, and Other Items, which is currently $1,277 for a family of five. (The debtor apparently lives with her non-filing spouse, two children ages 18 and 20, and an 89 year old mother.)

The debtor correctly points out that the IRS standards only apply to the calculation of disposable income for debtors whose income is above the applicable median. She also points out that the IRS standard is a national standard and that the cost of most items, including food and clothing, is higher in Hawaii than most other parts of the country. She represents that her clothing and food expenses listed in her schedules are her actual expenses.

The trustee argues that the IRS standard is the only yardstick he has to assess the reasonableness of these expenses. The flaw with this argument is that it

---

[2] 11 U.S.C. § 1325(b)(3).

[3] 11 U.S.C. § 1325(b)(2)(A).

U.S. Bankruptcy Court - Hawaii   #16-01175   Dkt # 15   Filed 01/13/17   Page 2 of 4

applies to below-median debtors a standard that Congress expressly made applicable only to above-median debtors.

Further, whether the debtor is above- or below-median income, one must consider, not only whether any of the debtors' individual expenses are excessive, but also whether the total expenses are reasonable or too high. If the debtors' excessive expenses in one or more categories are offset by unusually low expenses in other categories, the creditors are no worse off. The total financial picture will usually be more important than individual budget items.

In this case, the debtor spends only $2,400 per month to rent housing for a family of five. She list zero expenses for utilities such as electricity, gas, water, sewer, and the like, so presumably the rent includes those utilities. The sum of her rent and other utilities (phone, internet and the like) is $2,675, which is less than the IRS standard for Honolulu County for housing and utilities (a total of $3,119 per month). As a result, the debtors' payments to unsecured creditors are probably greater than they would be under the means test applicable to above-median income debtors.

It is also important to note that the debtor, whose total family income is close to the applicable median income, is basically just making ends meet. She has a small monthly surplus that is just sufficient to support her chapter 13 plan. This reflects a modest and appropriate life style and does not suggest any current or

U.S. Bankruptcy Court - Hawaii    #16-01175    Dkt # 15    Filed 01/13/17    Page 3 of 4

future extravagance.

I find that the debtors have carried their burden of proof under the "disposable income" test and overrule the trustee's objection. Because there are no other objections, I will confirm the plan. Counsel shall submit an order in the usual form.

**END OF ORDER**